IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAYRA MUNIZ | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  19-CV-2687 |
| | § | |
| | § | |
| PARKCREST BUILDERS, LLC | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff MAYRA MUNIZ ("PLAINTIFF") respectfully submits this her Original Complaint against PARKCREST BUILDERS, and in support thereof would respectfully show unto the court the following:

A.  Parties

1.      Plaintiff MAYRA MUNIZ is an individual that is a citizen of the State of Texas and Webb County, Texas.

2.      PARKCREST BUILDERS LLC ("PARKCREST") is a for-profit entity formed under the laws of the State of Texas. PARKCREST which may be served with citation and service of process by serving its registered agent, Harold N. May, at 1500 South Dairy Ashford, Suite 325, Houston, Texas 77077.  Service of said Defendant as described above can be affected by personal delivery.

B. Jurisdiction

3.      The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, as amended, seeks to redress gender

discrimination.

4.      The court has jurisdiction over this action by reason of 42 U.S.C. §2000e-5(f)(3) in that

Plaintiff is bringing this lawsuit under Subchapter VI of Chapter 21 of Title 42.

5.      The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff's

claims arise under Title 42 U.S.C. §1983, as she seeks to redress sexual harassment and/or gender

discrimination.

6.      The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff's

claims arise under the Equal Protection Clause of the Fourteenth Amendment to the U.S.

Constitution.

7.      The court has jurisdiction over this action by reason of 28 U.S.C. §1343, in that Plaintiff,

pursuant to Title VII of the Civil Rights Act of 1964, as amended, seeks to redress gender

discrimination.

## C. Venue

8.      Venue is also proper in this judicial district under 28 U.S.C. §1391(b)(1) because pursuant

to 28 U.S.C. §1391(c)(2), Defendant is an entity which shall be deemed to reside in this judicial

district.

9.      Venue is also proper in this judicial district under 28 U.S.C. §1391(b)(2) because a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial

district.  Plaintiff was discriminated against and retaliated against in this judicial district.

10.     Venue is also proper in this judicial district under 42 U.S.C. §2000e-5(f)(3) because the

alleged unlawful employment practices of sexual harassment and unlawful retaliation were

committed in this district.

11.     Venue is also proper in this judicial district under 42 U.S.C. §2000e-5(f)(3) because the

employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

### E. Facts

12.     Plaintiff was employed with the Defendant from February 2017 to July 21, 2017.

13.     Plaintiff was quicklyu befriended by her manager Gary Barnes.  During her employment Ms. Muniz was pregnant.   The Defendant knew she was pregnant during her employment.

14.     Mr. Barnes asked Ms. Muniz out a few times.  She went out with him but saw Mr. Barnes as a father figure.

15.     Mr. Barnes got comfortable quick and began patting her butt and rubbing her shoulders on multiple occasions.

16.     Mr. Barnes would give Ms. Muniz a ride to work as she did not have a car.  He consistently insisted on her marrying him.  He offered to buy her a house, car and care for her child.  Mr. Barnes was not the father of the child. Ms. Muniz was not interested.

17.     This behavior lasted several months.

18.     Ms. Muniz original position consisted of manual labor.  Due to her pregnancy she was offered an office position.

19.     Roughly a week prior to her termination, Mr. Barnes proposed to Ms. Muniz.  She turned down the proposal.  About a week later on July 21, 2017 she was terminated.  Mr. Barnes advised Ms. Muniz that this would not have happened if she had agreed to marry him.

20.     Additionally, Ms. Muniz was going to require leave due to upcoming birth of her child. The child was eventually born on October 12, 2017.

21.     Ms. Muniz lost everything she had in Houston and was forced to return to hometown of Laredo, Texas.

D. Exhaustion of Administrative Remedies

22.     Plaintiff timely filed a charge of discrimination against Defendant Webb County, Texas

with the Equal Employment Opportunity Commission ("EEOC").

23.     Plaintiff did not receive her right to sue.   However, she filed the charge timely and is filing

her lawsuit within the two years of the wrong action.

F. Count 1 – Sexual Harassment Under Title VII

24.     Plaintiff incorporates all of the allegations made hereinabove.  Defendant intentionally

discriminated against Plaintiff in violation of Title VII by subjecting her to sexual harassment.

Specifically, Gary Barnes, employee for the Defendant, discriminated against by terminating her

for refusing to have a relationship, thus retaliating for failing to comply.  Additionally, Plaintiff

was eventually terminated for her refusal to give in to the requests.

25.     Defendant intentionally discriminated against Ms. Muniz in violation of Title VII by

creating a sexually hostile work environment.  Mr. Barnes conduct, as described in this original

complaint, unreasonably interfered with Plaintiff's work performance.

26.     Defendant's intentional discrimination resulted in an adverse employment action against

Plaintiff.  After Plaintiff refused Mr. Barnes' request, Plaintiff was terminated causing her severe

stress.

27.     Defendant did not exercise reasonable care to prevent and cure allegations of sexual

harassment.  Defendant ratified the wrongful conduct by failing to take appropriate remedial action

after becoming aware of the conduct.

28.     Defendant's wrongful conduct also violates the Texas Commission on Human Rights Act,

the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and is

actionable under 42 U.S.C. §1983.

## G. Count 2—Pregnancy Discrimination

29.     Plaintiff incorporates all of the allegations made hereinabove.  It is an unlawful

employment practice for an employer to discriminate against any of its employees because that

employee is pregnant.

30.     Plaintiff's prima facie case regarding pregnancy discrimination as Defendnat knew she was

pregnant and was terminated.  Plaintiff feels her furture time off was a factor in being terminated

from her position.

## G. Count 3—Retaliation

31.     Plaintiff incorporates all of the allegations made hereinabove.  Under Title 42 U.S.C.

§2000e-3(a), it is an unlawful employment practice for an employer to discriminate against any of

its employees because that employee has opposed any practice which constitutes sexual

harassment, or because said employee has made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding, or hearing under Title VII.

32.     Plaintiff was informed that she would not have been terminated if she had chosen to marry

Mr. Barnes.

## I. Damages

33.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following

injuries and damages:

    a.     Plaintiff has been denied all possibilities of advancing as she has been stripped of all her authority, and has had her reputation, respect, and authority undermined by Plaintiff; and

    b.     Plaintiff has suffered mental anguish and emotional distress.

    c.     Loss Pay.

### J. Attorney Fees & Costs

34.     Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C.

§2000e-5(k).

### K.  Jury Demand

35.     Plaintiff asserts her right under the Seventh Amendment to the U.S. Constitution and

demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### L. Prayer

36.     For these reasons, Plaintiff asks for judgment against Defendant for the following:

      a.     Actual damages.
      b.     Prejudgment and postjudgment interest.
      c.     Reasonable attorney's fees.
      d.     Costs of suit.
      e.     All other relief the court deems appropriate.

Respectfully submitted,


By:  /s/ Guillermo G. del Barrio, Jr.
      **Guillermo G. del Barrio, Jr.**
      Texas Bar No.:  24049078
      Federal I.D. No.: 718280
      **DEL BARRIO LAW GROUP**
      6010 McPherson Rd. #120
      Laredo, Texas 78041
      Tel:  956-753-7636
      Fax:  956-753-8865
      memo@delbarriolaw.com
      **Attorney for Plaintiff**